IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AZAEL DYTHIAN PERALES, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-1430 |
| | : | |
| UNITED STATES SECRET SERVICE, | : | |
| *et al.*, | : | |
| Defendants. | : | |

FILED
APR 11 2019
KATE BARKMAN, Clerk
By_____ Dep. Clerk

MEMORANDUM

RUFE, J.  APRIL 10th, 2019

*Pro se* Plaintiff Azael Dythian Perales has filed a 147-page Complaint and a Motion to proceed *in forma pauperis*. He has named as Defendants numerous John or Jane Does, the United States Secret Service, "Randolf Alles, Director e.g." and "George D. Mulligan, Chief Operating Officer e.g." (ECF No. 2 at 4-5.[1]) The entirety of Perales's Complaint consists of (1) a list of United States Secret Service office locations throughout the country (*id.* at 5-15); (2) a copy of Federal Rule of Civil Procedure 65 (*id.* at 6); (3) copies of Orders from numerous state and federal courts dismissing other lawsuits Perales has apparently filed in those courts, along related documents (*id.* at 7-104); (4) various bank statements, bus ticket receipts, retail receipts, pay stubs, and applications for public welfare benefits (*id.* at 105-143); and (5) a letter Perales addressed to NASA about terrorists using Greyhound buses (*id.* at 144-147). Because it appears that Perales is unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis* and dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

ENT'D APR 1 2 2019

---

[1] The Court adopts the pagination assigned to Perales's Complaint by the CM/ECF system.

I.  **STANDARD OF REVIEW**

The Court will grant Perales leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it is frivolous or fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.*

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Perales is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court

2

has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## II. DISCUSSION

Because the Court cannot discern any substantive allegation in his Complaint, Perales may not proceed on his "claims." While he names various officials of the United States Secret Service as Defendants, there is no description of what these named and unnamed individuals may have done to harm Perales. None of the court documents or receipts attached to the Complaint refer in any meaningful way to the named Defendants or unnamed Secret Service agents, and the NASA letter — asking that agency to investigate "Rouge Satellites in Air Space above The United States run by a Terrorist Organization that has communicated with me through my ear canal" — is at the least unintelligible and appears to be the product of a delusional mind.

The Court finds that the Complaint is frivolous because it is legally and factually unintelligible. Moreover, a search of the Court's PACER database reveals that Perales has filed 114 lawsuits in federal courts throughout the country since 2009. A search of a legal research database reveals over 25 compiled decisions in which Perales's cases were dismissed as frivolous by federal courts. This Court has dismissed three of his prior lawsuits as frivolous because they were legally and factually unintelligible. (*See Perales v. Obama*, Civ. A. No. 12-704; *Perales v. United States Post Office Fullerton MPO*, Civ. A. No. 11-6250; *Perales v. United States Post Office Fullerton MPO*, Civ. A. No. 11-6251). Where an unrepresented litigant files a complaint that fails to comply with Rule 8 or fails to state a plausible claim for relief, Courts ordinarily permit the litigant an opportunity to amend the pleading to correct

3

defects the Court has identified. Here, however, any such attempt would be futile. Perales appears to have filed claims against the Secret Service in at least one other federal lawsuit that was dismissed as frivolous. *See Perales v. United States*, Civ. A. No. 11-468, 2011 WL 6190151, at *1 n.4 (D. Me. Dec. 9, 2011). In that case Perales was cautioned that continuing to file frivolous lawsuits would result in the imposition of sanctions, including filing restrictions being placed against him. This Court also cautions Perales that continuing to file frivolous lawsuits in this jurisdiction will result in the imposition of sanctions and filing restrictions.

## III. CONCLUSION

For the foregoing reasons, the Court will grant Perales leave to proceed *in forma pauperis* and dismiss his Complaint. Perales will not be permitted to file an amended complaint because the Court concludes that amendment would be futile. An appropriate Order follows.

BY THE COURT:

_____
CYNTHIA M. RUFE, J.